UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RAZVAN NICULESCU,

              Plaintiff,

  -against-

THE CITY OF NEW YORK and POLICE
OFFICER JAMES FALLON, TYRIK
RIGGINS, MARIA LONGFORD AND
REBECCA BUCK, Individually and in
their Official Capacities,

              Defendants.

------------------------------------------------------------X

09 CV 9974

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



Plaintiff, RAZVAN NICULESCU, by and through his attorneys, **Fisher & Byrialsen, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and POLICE OFFICER JAMES FALLON, POLICE OFFICER TYRIK RIGGINS, POLICE OFFICER MARIA LONGFORD and POLICE OFFICER REBECCA BUCK, as Officers of the New York City Police Department, acting under color of state law and pursuant

to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P.38(b).

## PARTIES

7. At all times relevant hereto Plaintiff was and is a resident of Queens, New York.

8. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant to this action, Defendants POLICE OFFICER JAMES FALLON, POLICE OFFICER TYRIK RIGGINS, POLICE OFFICER MARIA LONGFORD and POLICE OFFICER REBECCA BUCK, are and were police officers employed by the New York City Police Department (hereinafter,

"NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, the Defendants POLICE OFFICER JAMES FALLON, POLICE OFFICER TYRIK RIGGINS, POLICE OFFICER MARIA LONGFORD and POLICE OFFICER REBECCA BUCK were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD. They are being sued both in their individual and official capacity.

## FACTS

12. On October 31, 2008, Plaintiff RAZVAN NICULESCU, attended a Halloween party in Manhattan, New York at Ka-Ju, a restaurant where he was working as the manager at the time.

13. After the party ended, Plaintiff, Plaintiff's wife, Plaintiff's son, and their two friends decided to go to a bar called Merchants, located on 61st street between 1st and 2nd Avenue in New York, New York.

14. Plaintiff's friend, Nicholas Nitu, drove Plaintiff's car to Merchants, and Plaintiff rode in the front passenger seat.

15. When Plaintiff arrived at 61st street, Mr. Nitu parked Plaintiff's car in a legal parking spot on 61st street between 1st and 2nd Avenue.

16. After Mr. Nitu parked the car, Plaintiff exited the vehicle.

17. When Plaintiff was standing outside the vehicle, he was approached by Police Officer Riggins and Police Officer Longford, who were running a sobriety checkpoint on 61st street and 2nd Avenue that evening.

18. At the time of and prior to his arrest Plaintiff had not engaged in any illegal or suspicious activities.

19. At the time leading up to and prior to his arrest, Plaintiff did not drive any vehicle.

20. On November 1, 2009, at approximately 3:20 a.m., Plaintiff was placed under arrest by Police Officer Tyrik Riggins.

21. Plaintiff was taken into custody for several hours at the 28th precinct, then taken to central booking, and eventually arraigned after being held in custody for two days.

22. Plaintiff was charged with Operating a Motor Vehicle While Intoxicated in violation of VTL § 1192.2, VTL § 1192.3, and VTL § 1192.1.

23. Mr. Niculescu made numerous court appearances between October 31, 2008 and October 26, 2009.

24. On October 26, 2009, the trial in the case commenced.

25. At the completion of the trial and after a brief deliberation, the jury found Mr. Niculescu not guilty.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

26. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 25 with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

28. All of the aforementioned acts deprived PLAINTIFF NICULESCU of the rights, privileges, and immunities guaranteed citizens of the United States by

the Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

32. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF: FALSE ARREST

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 32 with the same force and effect as if fully set forth herein.

34. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

35. As a result of his false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of his liberty.

36. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## THIRD CLAIM FOR RELIEF:
## FALSE IMPRISONMENT

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. As a result of his false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.

39. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

41. Defendant Police Officers stopped, searched and arrested Plaintiff without reasonable suspicion or probable cause, notwithstanding their knowledge

that said actions would jeopardize Plaintiff's liberty, well-being and constitutional rights.

42. Defendant POLICE OFFICERS JAMES FALLON and REBECCA BUCK failed to protect Plaintiff from the violation of his civil and constitutional rights by DEFENDANT POLICE OFFICERS TYRIK RIGGINS and MARIA LONGFORD's actions against Plaintiff.

43. The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

45. The aforementioned customs, policies, usages, practices, procedures, and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

46. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff RAZVAN NICULESCU.

47. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

48. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

49. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

50. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

51. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use of force and unreasonable force and freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the

United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

52. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

  a. Not to be deprived of liberty without due process of law;

  b. To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

  c. To be protected against violations of his civil and constitutional rights;

  d. Not to have cruel and unusual punishment imposed upon him; and

  e. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         December 2, 2009

Respectfully submitted,

_____
Jane Byrialsen, Esq. (JB9108)
FISHER & BYRIALSEN, PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(347) 284-0187